IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| MO-KAN TEAMSTERS PENSION FUND, a Trust Fund, | ) ) ) |
| and | ) ) |
| MIKE KEERAN and GREG DAVEY, TRUSTEES OF THE MO-KAN TEAMSTERS PENSION FUND, | ) ) ) ) |
| and | ) ) |
| MO-KAN TEAMSTERS HEALTH AND WELFARE FUND, a Trust Fund, | ) ) ) |
| and | ) ) |
| MIKE KEERAN and GREG DAVEY, TRUSTEES OF THE MO-KAN TEAMSTERS HEALTH AND WELFARE FUND, | ) No. ) ) ) |
| and | ) ) |
| TEAMSTERS LOCAL UNION NO. 541 VACATION-HOLIDAY FUND, a Trust Fund, | ) ) ) |
| and | ) ) |
| MIKE KEERAN AND BRIDGETTE WILLIAMS, TEAMSTERS LOCAL UNION NO. 541 VACATION-HOLIDAY FUND, | ) ) ) ) |
| and | ) ) |
| MO-KAN TEAMSTERS APPRENTICESHIP AND TRAINING FUND, a Trust Fund, | ) ) ) |
| and | ) ) |
| MIKE KEERAN AND PATRICK LEIS, MO-KAN TEAMSTERS APPRENTICESHIP AND TRAINING FUND, | ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) |

**PRUDENT TECHNOLOGIES, INC.**
[SERVE: Registered Agents, Inc.
 Registered Agent
 117 S. Lexington St., Ste 100
 Harrisonville, MO 64701

                    Defendant.

# C O M P L A I N T

## COUNT I

Come now Plaintiffs, Mo-Kan Teamsters Pension, a Trust Fund, and Mike Keeran and Greg Davey, duly appointed and acting Trustees of the Mo-Kan Teamsters Pension Fund who are authorized to maintain this action on behalf of the Pension Fund and all the Trustees of the Mo-Kan Teamsters Pension Fund, and, for their cause of action under Count I against Defendant, state:

1. This action arises under and jurisdiction is founded on Section 502 and Section 515 of the Employee Retirement Income Security Act (hereinafter referred to as "ERISA"), 29 U.S.C. 1132 and 29 U.S.C. 1145.

2. Plaintiffs, Mike Keeran and Greg Davey, are duly appointed and acting Trustees of the Mo-Kan Teamsters Pension who are authorized to maintain this action on behalf of the Pension Fund and all the Trustees of the Mo-Kan Teamsters Pension Fund; Plaintiff, Mo-Kan Teamsters Pension (hereinafter referred to as "Plaintiff Fund"), is a trust fund existing and established pursuant to the Labor Management Relations Act, as amended, Section 302, 29 U.S.C. 186; that said Plaintiff Fund is an employee benefit plan within the meaning of Section 3 of ERISA, 29 U.S.C. 1003.

3. Said Plaintiff Fund was established on October 13, 1969, pursuant to the collective bargaining agreement entered into between the Builders Association of Missouri (hereinafter

referred to as "Association") and Local Union No. 541, affiliated with the International Brotherhood of Teamsters (hereinafter referred to as "Union"); that the Trust Agreement establishing the Plaintiff Fund was amended and revised effective January 1, 1976.

4. The situs of the Plaintiff Fund is the City of Kansas City, Missouri, and all questions pertaining to the validity, construction and administration of said Fund shall be determined in accordance with the laws of the State of Missouri and the aforementioned Federal laws.

5. Plaintiffs have served the Secretary of the Treasury and the Secretary of Labor with copies of the within Complaint as required by Section 502(h) of ERISA, 29 U.S.C. 1132(h) by depositing copies of said Complaint in the United States mail, certified mail, addressed to said Secretary of the Treasury and said Secretary of Labor on or about the date of the filing of the Complaint.

6. Defendant is a Kansas Corporation with a foreign registration in Missouri. The Defendant is doing business in the State of Missouri and particularly in the Western District of Missouri, and at all times material herein employed Teamsters performing work covered by the community workforce agreement herein mentioned.

7. In the ordinary course of business, Defendant annually engages in substantial dollar volume in business with persons, firms and corporations which are engaged in businesses affecting commerce within the meaning of the Labor Management Relations Act, as amended, 29 U.S.C. 151, and 29 U.S.C. 185.

8. On November 6, 2019 the Defendant executed a letter of assent which bound the Defendant to a community workforce agreement between Clark/Weitz/Clarkson, a joint venture, and the Union; that Defendant is thereby bound by said community workforce agreement in effect on said dates and all agreement(s) subsequent thereto.

9. Teamster employees of the Defendant were employed under the terms of the above referenced community workforce agreement between the Defendant and the Union under

which Defendant agreed, among other things, to pay and contribute to Plaintiff Fund various sums per hour for each employee covered by and subject to said agreement from **November 6, 2019,** to the present date and thereafter; and during said period to submit written reports within ten days after the last day of the preceding month for the hours worked during said preceding month; that said reports should list the names and hours worked and the amounts contributed for each such employee of Defendant.

10. Defendant has failed and refused to submit correct remittance reports and correct contributions to Plaintiffs from **November 6, 2019,** to date, and Plaintiffs are unable to determine the total amount of contributions owed by Defendant without an accounting of the books and records of Defendant covering the period **November 6, 2019,** to date.

11. That the Defendant is required by Section 209 of ERISA, 29 U.S.C. § 1059, to maintain records with respect to each employee sufficient to determine the benefits due or which may become due to such employees.

12. Under the agreement hereinabove mentioned, Defendant likewise agreed, among other things, to be bound by the terms and provisions of the Trust Agreement, as amended, under which the said Plaintiff Fund is administered and to allow an official agent of the Board of Trustees of said Plaintiff Fund, upon request, during regular business hours, to inspect and make copies of any and all records of Defendant pertaining to compensation paid to employees, hours worked by employees, monies withheld from employees for taxes paid on account of employees and other records relevant to and of assistance in determining whether Defendant's obligations under said agreement to make payments to said Plaintiff Fund have been faithfully performed.

13. The community workforce agreement and Trust Agreement, as amended, and hereinabove mentioned likewise provide that, if payment of sums due said Plaintiff Fund therein mentioned are made later than the time required, the Board of Trustees may impose on the

employer liquidated damages, interest, audit costs, and reasonable attorneys' fees and Court costs incurred to enforce payments from an employer in default.

14. The community workforce agreement and Trust Agreement, as amended, further provide that the Board of Trustees may require the employer to put up cash deposits in advance of work and/or to enter into an escrow arrangement with the Plaintiff Fund or post a corporate bond guaranteeing performance under the Trust Agreement, as amended.

15. Plaintiffs are without an adequate remedy at law and will suffer immediate, continuing and irreparable injury, loss and damage unless Defendant is ordered to specifically perform all obligations on Defendant's part required to be performed under the community workforce agreement and Trust Agreement, as amended, and herein referred to.

16. Defendant is required by Section 515 of ERISA, 29 U.S.C. 1145 to make fringe benefit contributions to Plaintiffs pursuant to and in accordance with the terms and conditions of the aforesaid community workforce agreement and Trust Agreement, as amended; and this action is brought by Plaintiff Trustees for and on behalf of Plaintiff Fund to enforce said Defendant's obligations under Section 515 of ERISA.

17. That pursuant to Section 502(g)(2) of ERISA, 29 U.S.C. 1132(g)(2), Plaintiffs are entitled to a mandatory award of unpaid fringe benefit contributions; interest on said unpaid fringe benefit contributions as provided for in the aforesaid Trust Agreement, as amended; liquidated damages as provided for in the aforesaid Trust Agreement, as amended; reasonable attorneys' fees; and their cost of this action.

WHEREFORE, Plaintiffs pray for the following Orders, Judgments and Decrees:

A. An Order directing that an accounting be made of Defendant's books and records to determine the total number of hours worked and/or paid to employees covered by the aforesaid community workforce agreement from **November 6, 2019,** to date; and

B. For judgment against Defendant for liquidated damages; and

C. For judgment against Defendant for interest on the unpaid fringe benefit contributions; and

D. For judgment against Defendant for reasonable attorneys' fees incurred in the prosecution of this cause; and

E. For judgment against Defendant for audit costs incurred in the prosecution of this cause; and

F. For an Order requiring Defendant to put up cash deposits in advance of work and/or to enter into an escrow arrangement with Plaintiffs or post a corporate bond guaranteeing performance under the community workforce agreement and Trust Agreement, as amended; and

G. For an Order, pursuant to Section 209 of ERISA, 29 U.S.C. 1059, requiring Defendant to maintain records with respect to each employee sufficient to determine the benefits due or which may become due to such employees; and

H. For an Order requiring the Defendant to specifically perform all provisions of the community workforce agreement and Trust Agreement, as amended, in respect to the reporting and payment of fringe benefit contributions to the Plaintiffs; and

I. For judgment against Defendant for costs incurred in this action; and

J. For such other relief as the Court may deem appropriate.

## COUNT II

Come now Plaintiffs, Mo-Kan Teamsters Health and Welfare Fund, a Trust Fund, and Mike Keeran and Greg Davey, duly appointed and acting Trustees of the Mo-Kan Teamsters Health and Welfare Fund who are authorized to maintain this action on behalf of the Welfare Fund and all the Trustees of the Mo-Kan Teamsters Health and Welfare Fund, and, for their cause of action under Count II against Defendant, state:

1. Plaintiffs, Mike Keeran and Greg Davey, are duly appointed and acting Trustees of the Mo-Kan Teamsters Health and Welfare Fund who are authorized to maintain this action on behalf of the Welfare Fund and all the Trustees of the Mo-Kan Teamsters Health and Welfare Fund; Plaintiff, Mo-Kan Teamsters Health and Welfare Fund (hereinafter referred to as "Plaintiff Fund") is a trust fund existing and established pursuant to the Labor Management Relations Act, as amended, Section 302, 29 U.S.C. 186; that said Plaintiff Fund is an employee benefit plan within the meaning of Section 3 of ERISA, 29 U.S.C. 1002.

2. Said Plaintiff Fund was established on October 13, 1969, pursuant to the collective bargaining agreement between the Builders Association of Missouri (hereinafter referred to as "Association") and Local Union No. 541, affiliated with the International Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers (hereinafter referred to as "Union"); that the Trust Agreement establishing the Plaintiff Fund was amended and revised effective January 1, 1976.

3. Plaintiffs hereby incorporate, adopt and make part hereof all of the allegations of Paragraphs One (1), Four (4), Five (5), Six (6), Seven (7), Eight (8), Nine (9), Ten (10), Eleven (11), Twelve (12), Thirteen (13), Fourteen (14), Fifteen (15), Sixteen (16), and Seventeen (17) of Count I of the within Complaint.

WHEREFORE, Plaintiffs pray for the following Orders, Judgments and Decrees:

A. An Order directing that an accounting be made of Defendant's books and records to determine the total number of hours worked and/or paid to employees covered by the aforesaid community workforce agreement from **November 6, 2019,** to date; and

B. For judgment against Defendant for liquidated damages; and

C. For judgment against Defendant for interest on the unpaid fringe benefit contributions; and

D. For judgment against Defendant for reasonable attorneys' fees incurred in the prosecution of this cause; and

E. For judgment against Defendant for audit costs incurred in the prosecution of this cause; and

F. For an Order requiring Defendant to put up cash deposits in advance of work and/or to enter into an escrow arrangement with Plaintiffs or post a corporate bond guaranteeing performance under the community workforce agreement and Trust Agreement, as amended; and

G. For an Order, pursuant to Section 209 of ERISA, 29 U.S.C. 1059, requiring Defendant to maintain records with respect to each employee sufficient to determine the benefits due or which may become due to such employees; and

H. For an Order requiring the Defendant to specifically perform all provisions of the community workforce agreement and Trust Agreement, as amended, in respect to the reporting and payment of fringe benefit contributions to the Plaintiffs; and

I. For judgment against Defendant for costs incurred in this action; and

J. For such other relief as the Court may deem appropriate.

## COUNT III

Come now Plaintiffs, Teamsters Local Union No. 541 Vacation-Holiday Fund, a Trust Fund, and Mike Keeran and Bridgette Williams, duly appointed and acting Trustees of Teamsters Local Union No. 541 Vacation-Holiday Fund who are authorized to maintain this action on behalf of the Vacation Fund and all the Trustees of Teamsters Local Union No. 541 Vacation-Holiday Fund, and, for their cause of action under Count III against Defendant, state:

1. Plaintiffs, Mike Keeran and Bridgette Williams, are duly appointed and acting Trustees of Teamsters Local Union No. 541 Vacation-Holiday Fund who are authorized to maintain this action on behalf of the Vacation Fund and all the Trustees of Teamsters Local Union

No. 541 Vacation-Holiday Fund; Plaintiff Teamsters Local Union No. 541 Vacation-Holiday Fund (hereinafter referred to as "Plaintiff Fund") is a trust fund existing and established pursuant to the Labor Management Relations Act, as amended, Section 302, 29 U.S.C. 186; that said Plaintiff Fund is an employee benefit plan within the meaning of Section 3 of ERISA, 29 U.S.C. 1002.

2. Said Plaintiff Fund was established on October 13, 1970, pursuant to the collective bargaining agreement between the Heavy Constructors Association of Missouri (hereinafter referred to as "Association") and Local Union No. 541, affiliated with the International Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers (hereinafter referred to as "Union"); that the Trust Agreement establishing the Plaintiff Fund was amended and revised effective January 1, 1976.

3. Plaintiffs hereby incorporate, adopt and make part hereof all of the allegations of Paragraphs One (1), Four (4), Five (5), Six (6), Seven (7), Eight (8), Nine (9), Ten (10), Eleven (11), Twelve (12), Thirteen (13), Fourteen (14), Fifteen (15), Sixteen (16), and Seventeen (17) of Count I of the within Complaint.

WHEREFORE, Plaintiffs pray for the following Orders, Judgments and Decrees:

A. An Order directing that an accounting be made of Defendant's books and records to determine the total number of hours worked and/or paid to employees covered by the aforesaid community workforce agreement from **November 6, 2019,** to date; and

B. For judgment against Defendant for liquidated damages; and

C. For judgment against Defendant for interest on the unpaid fringe benefit contributions; and

D. For judgment against Defendant for reasonable attorneys' fees incurred in the prosecution of this cause; and

E. For judgment against Defendant for audit costs incurred in the prosecution of this cause; and

F. For an Order requiring Defendant to put up cash deposits in advance of work and/or to enter into an escrow arrangement with Plaintiffs or post a corporate bond guaranteeing performance under the community workforce agreement and Trust Agreement, as amended; and

G. For an Order, pursuant to Section 209 of ERISA, 29 U.S.C. 1059, requiring Defendant to maintain records with respect to each employee sufficient to determine the benefits due or which may become due to such employees; and

H. For an Order requiring the Defendant to specifically perform all provisions of the current and future community workforce agreement and Trust Agreement, as amended, in respect to the reporting and payment of fringe benefit contributions to the Plaintiffs; and

I. For judgment against Defendant for costs incurred in this action; and

J. For such other relief as the Court may deem appropriate.

## COUNT IV

Come now Plaintiffs, Mo-Kan Teamsters Apprenticeship and Training Fund, a Trust Fund, and Mike Keeran and Patrick Leis, duly appointed and acting Trustees of the Mo-Kan Teamsters Apprenticeship and Training Fund who are authorized to maintain this action on behalf of the Training Fund and all the Trustees of the Mo-Kan Teamsters Apprenticeship and Training Fund, and, for their cause of action under Count IV against Defendant, states:

1. Plaintiffs, Mike Keeran and Patrick Leis, are duly appointed and acting Trustees of the Mo-Kan Teamsters Apprenticeship and Training Fund who are authorized to maintain this action on behalf of the Training Fund and all the Trustees of the Mo-Kan Teamsters Apprenticeship and Training Fund; Plaintiff Teamsters Mo-Kan Teamsters Apprenticeship and Training Fund (hereinafter referred to as "Plaintiff Fund") is a trust fund existing and established pursuant to the Labor Management Relations Act, as amended, Section 302, 29 U.S.C. 186; that

said Plaintiff Fund is an employee benefit plan within the meaning of Section 3 of ERISA, 29 U.S.C. 1002.

2. Said Plaintiff Fund was established on July 1, 2006, pursuant to the collective bargaining agreement between The Builders' Association, the Heavy Constructors Association of the Greater Kansas City Area (hereinafter referred to as "Association") and Building Material, Excavating, Heavy Haulers, Drivers, Warehousemen and Helpers Local Union No. 541, affiliated with the International Brotherhood of Teamsters (hereinafter referred to as "Union"); that the Trust Agreement establishing the Plaintiff Fund was amended and revised effective January 1, 1976.

3. Plaintiffs hereby incorporate, adopt and make part hereof all of the allegations of Paragraphs One (1), Four (4), Five (5), Six (6), Seven (7), Eight (8), Nine (9), Ten (10), Eleven (11), Twelve (12), Thirteen (13), Fourteen (14), Fifteen (15), Sixteen (16), and Seventeen (17) of Count I of the within Complaint.

WHEREFORE, Plaintiffs pray for the following Orders, Judgments and Decrees:

A. An Order directing that an accounting be made of Defendant's books and records to determine the total number of hours worked and/or paid to employees covered by the aforesaid community workforce agreement from **November 6, 2019,** to date; and

B. For judgment against Defendant for liquidated damages; and

C. For judgment against Defendant for interest on the unpaid fringe benefit contributions; and

D. For judgment against Defendant for reasonable attorneys' fees incurred in the prosecution of this cause; and

E. For judgment against Defendant for audit costs incurred in the prosecution of this cause; and

F. For an Order requiring Defendant to put up cash deposits in advance of work and/or to enter into an escrow arrangement with Plaintiffs or post a corporate bond guaranteeing performance under the community workforce agreement and Trust Agreement, as amended; and

G. For an Order, pursuant to Section 209 of ERISA, 29 U.S.C. 1059, requiring Defendant to maintain records with respect to each employee sufficient to determine the benefits due or which may become due to such employees; and

H. For an Order requiring the Defendant to specifically perform all provisions of the community workforce agreement and Trust Agreement, as amended, in respect to the reporting and payment of fringe benefit contributions to the Plaintiffs; and

I. For judgment against Defendant for costs incurred in this action; and

J. For such other relief as the Court may deem appropriate.

ARNOLD, NEWBOLD, SOLLARS & HOLLINS, P.C.

*/s/ Mark A. Kistler*
Mark A. Kistler, MO Bar No. 48442

*/s/ Aaron D. Schuster*
Aaron D. Schuster, MO Bar No. 68672
1100 Main St., Suite 2001
Kansas City, Missouri 64106
Telephone: 816-421-5788
Facsimile: 816-471-5574
*Attorneys for Plaintiffs*